IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

T&W EDMIER CORPORATION,

    Defendant.

Case No. 05 C 3079

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Before the Court is Plaintiff United States' (hereinafter, the "Government") Motion for Summary Judgment and Motion to Strike Defendant's Counterclaim pursuant to FED. R. CIV. P. 12(b)(1). This case involves a dispute over monies owed on a government contract with the U.S. Army Corps of Engineers and Defendant T&W Edmier Corp. ("Defendant") to excavate a flood control reservoir and new river channel in Deerfield, Illinois. During construction there were various delays due, in part, to lead contamination at the site.

Throughout the project, the Government paid periodic installments on the contract. At the end of the project, the Defendant had an outstanding request for payment in excess of $33 million. The parties settled Defendant's claims in part and the amounts owed on the balance of the disputed claims were heard before an Army Corps' contracting officer. The contracting

officer's final decision, dated April 5, 2001, along with the unilateral modifications, awarded Defendant $3,479,026.81 in satisfaction of the disputed claims. Thereafter, the Army Corps paid Defendant the entire amount in installments.

Defendant appealed the contracting officer's final decision to the Armed Services Board of Contract Appeals (the "ASBCA"). The ASBCA reached an unanimous decision in a seventeen-page opinion, which included "findings of fact" and the "decision" itself. *T&W Edmeir Corp.*, ASBCA No. 53,347, 2003 WL 22944255 (ASBCA Dec. 11, 2003). Defendant appealed the ASBCA decision to the U.S. Court of Appeals for the Federal Circuit, which issued a one-sentence affirmance of the ASBCA. *T&W Edmier Corp. v. Brownlee*, No. 04-1250, 12 Fed. Appx. 56 (Fed. Cir. Jan. 2005). Defendant's Federal Circuit brief states that the ASBCA's decision was erroneous and, "[a]s a consequence, the Board awarded Edmier *less* than the amount the [Army Corps] had agreed to pay -- and, indeed, had *already* paid in response to Edmier's claims." (App. Brief at 5 (emphasis in original)).

On May 9, 2005, "special counsel" for Defendant submitted a "request for waiver/discharge of judgment debt" to the Army Corps. (Pl. 56.1 Statement, Exh.3) The letter requested equitable relief to discharge the judgment that the ASBCA awarded to the Army Corps in the amount of $1.625 million, which the Federal Circuit upheld. "As grounds for this request, Edmier represents to the [Army Corps]

that it is wholly without means to pay the [Army Corps] $1.625 million now or in the future." The letter adds that the "judgment was neither sought nor requested by the [Army Corps]," as it was Defendant who appealed the contracting officer's final decision.

The United States filed the present action on May 23, 2005 for judgment against T&W Edmier in the amount of approximately $1.743 million. Defendant's responsive pleading denies its indebtedness and claims instead that the United States owes Defendant approximately $1.8 million.

## II. **DISCUSSION**

### A. **Motion for Summary Judgment**

The parties' positions are straightforward. The Government, pursuant to its interpretation of the ASBCA's decision, which was affirmed by the Federal Circuit, requests repayment of $1,625,247.00 plus prejudgment interest for a total of $1,743,021.99 from Defendant. This amount is derived from the Government's payment of approximately $3.4 million to Defendant following the contracting officer's final decision, less the approximately $1.2 million plus interest found by the ASBCA for the "hazardous lead contamination on the site," which totals $1,853,779.81. Defendant, on the other hand, argues that it does not owe the Government any repayment, and in fact, the Government owes T&W an additional $1,853,779.81 based on Defendant's interpretation of the ASBCA's decision.

Both parties agree on the material facts, but it is the interpretation of the ASCBA's decision that they dispute. Further, Defendant objects to the government's submission of its May 9, 2005 letter as supporting material, but admits that T&W Edmier's counsel sent the letter to the Army Corps. (Pl. 56.1, Exh. 3). Defendant claims "the letter was sent as part of settlement negotiations between the parties" and is inadmissible. Fed. R. Evid. 408 states that evidence of offers of settlement or compromise cannot be used "to prove liability for or invalidity of the claim or its amount." However, this rule is only applicable when the offer includes "a valuable consideration." FED. R. EVID. 408.

In the letter, T&W Edmier sought discharge of the $1.625 million debt only on equitable grounds, which does not fall under the purview of Rule 408. Defendant fails to allege any consideration for discharge. (See Pl. 56.1, Exh. 3.) Furthermore, the Government is not using the letter to show Defendant's liability, but only to demonstrate Defendant's recognition of a "judgment rendered against [it] in favor of the [Army Corps]." (Id.); Zurich Am. Ins. Co. v. Watts Indus., Inc., 417 F.3d 672, 689 (7th Cir. 2005)(stating that the "district court has broad discretion to admit evidence for a purpose other than proving liability"). Nevertheless, the Court's opinion remains the same even without consideration of the letter.

The Court finds that the government is entitled to summary judgment. Defendant argues that the ASCBA decision actually awarded Defendant an additional sum of money, however, that interpretation is unsupported by the record and legally incorrect. A "contractor is entitled to a *de novo* hearing before, and *de novo* decision by, the [ASBCA]." *Assurance Co. v. United States*, 813 F.2d 1202, 1206 (Fed. Cir. 1987). Consequently, "the ASBCA has the authority to reduce or nullify [the contracting officer's] awards." *Id.* The contracting officer's award receives no "special deference or acceptance on appeal." *Id.* Indeed, it is the contractor who has the *de novo* burden to prove "the extent of delay, that the delay was proximately caused by government action, and that the delay harmed the contractor" without "reliance of the contracting officer's decision." *Wilner v. United States*, 24 F.3d 1397, 1401 (Fed. Cir. 1994). The parties start with a "clean slate" before the ASBCA. *Id.* at 1402.

When the ASBCA reviewed the contracting officer's decision to award T&W Edmier approximately $3.4 million, it did so independent of any findings or determinations by the contracting officer. The ASBCA based its decision solely on the evidence presented at the hearing. Its decision that Defendant was entitled to approximately $1.2 million plus interest supplanted the findings and decision of the contracting officer. The ASBCA has the authority to reduce the original award, which it did, much to T&W Edmier's chagrin.

Defendant's arguments that the ASBCA's award was made in addition to the original $3.4 million Defendant already received from the Government, or at least that the ASBCA's decision did not require Defendant to repay any monies to the Government, are unavailing in light of the plain language of the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613, and Federal Circuit case law. The only supporting material that Defendant provides is the ASBCA "Certificate of Finality" and an affidavit by Donald P. Arnavas. The unsigned Certificate of Finality restates the ASBCA's award, which does not support Defendant's position. The ASBCA need not refer to the Government's payment of $3.4 million pursuant to the contracting officer's decision in order for the Government to recover the balance of its overpayment when enforcing the ASBCA judgment. Furthermore, the unsigned affidavit of a former ASBCA judge does not comply with the requirements of FED. R. CIV. PROC. 56(e). The affiant, Arnavas, has no personal knowledge of the decision and he is solely interpreting it as an expert on the ASBCA and opining on the decision's legal ramifications, which make the affidavit inadmissible on summary judgment. *See Box v. A&P Tea Co.*, 772 F.2d 1372, 1378 (7th Cir. 1985); *Schneider v. United States*, 257 F. Supp. 2d 1154, 1158 (S.D. Ind. 2003). In addition, the information explaining the various sections of an ASBCA opinion and its binding nature does not affect the outcome of the case, nor does it bolster Defendant's position.

### B. Motion to Strike Counterclaim

Defendant filed a counterclaim seeking judgment against the government for approximately $1.8 million. However, district courts only have subject-matter jurisdiction over "claim[s] against the United States not exceeding $10,000." 28 U.S.C. § 1346(a)(2). Claims and counterclaims exceeding $10,000 must be brought in the U.S. Court of Federal Claims. *Pershing Div. of Donaldson Lufkin & Jenrette Sec. Corp.*, 23 F.3d 741, 744 (7th Cir. 1994). Defendant concedes that the Court lacks jurisdiction over its counterclaim. (Def. 10/31/05 Mtn. for Extension of Time, ¶ 1). Accordingly, the Court strikes Defendant's $1.8 million counterclaim.

### III. CONCLUSION

For the reasons stated herein, the United States' Motion for Summary Judgment and Motion to Strike **are granted**.

**IT IS SO ORDERED.**

```
                                     _____
                                     Harry D. Leinenweber, Judge
                                     United States District Court
```

Dated: November 16, 2005